**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| **HORACE WHERRY, III,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Civil No. 7:09-CV-25-O** |
| | ) |
| **BBWS, PGM,** *Property of Country Parks, Apts.*, | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION</u>

Horace Wherry, III., appearing *pro se* and proceeding *in forma pauperis*, brings this action against Defendants BBWS, and PGM, Property of Country Parks Apartments. Plaintiff seeks relief in this Court on the basis alleged violations of civil rights stemming from an unsatisfactory living environment in Defendants' apartment housing.

### Background

Plaintiff filed his complaint on February 11, 2009, alleging Defendants ignored his disability rights which resulted in various harms, including emotional distress, depression and other physical ailments. Compl. at 1. The Court, applying a less stringent standard for Plaintiff because of his pro se status than would be required of parties appearing with counsel, liberally construes his complaint as one alleging a violation of civil rights based on Defendants failed to accommodate a disability.[1] *Sanders v. Barnhart*, 105 Fed. Appx. 535, 536 (5th Cir. 2004).

On February 13, 2009, the Court directed Plaintiff to answer a questionnaire designed to provide him with an opportunity to present factual details of the alleged discrimination. (Doc.

---

[1] The Court construes Plaintiff's Complaint as having alleged a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., which prohibits discrimination "against any person in the terms, conditions, or privileges of. . . rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." See 42 U.S.C. § 3601(f)(2).

No. 7).  The Court's interrogatories provided Plaintiff with an opportunity to specifically identify

who at or affiliated with the Defendants engaged in discriminatory behavior and what statements

and acts of discrimination transpired.

Plaintiff filed his response on February 23, 2009.   Plaintiff's Response ("Pl's Resp.").

(Doc. No. 6).  After considering this response, the Court now determines that Plaintiff has failed

to present facts that support his allegations against Defendants, and has failed state a claim for

relief.

## Authority

A district court may dismiss *sua sponte* a complaint filed *in forma pauperis* if it

determines that the action is frivolous or fails to state a claim on which relief may be granted.  28

U.S.C. § 1915(e)(2)(B)(i-ii).  In determining whether a plaintiff has stated an actionable claim

for relief, the complaint must be liberally construed in favor of the plaintiff and the allegations

contained therein must be taken as true.  *Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 470

(5th Cir. 2004).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Henson-*

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991).  "A complaint lacks an arguable basis in fact if,

after providing the plaintiff the opportunity to present additional facts when necessary, the facts

alleged are clearly baseless."  *Bishop v. Lopez*, 2002 U.S. Dist. LEXIS 27365 (W.D. Tex. Jan.

31, 2002); *see also*, *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (responsibility for

articulating the facts that give rise to a cognizable claim resides with the plaintiff).  A complaint

fails to state a claim upon which relief may be granted when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957).

## Discussion

In this case, Plaintiff has failed to articulate any facts which, if taken as true, would

support a claim of discrimination of his civil rights. *See generally*, Pl's Resp. In his Response

filed with the Court, Plaintiff reiterated the facts of living conditions that deprive him of his

rights, similar to the assertions alleged in his complaint. *See generally*, Pl.'s Resp. However,

the court is unable to infer discrimination based on these facts alone. Absent such facts of

discrimination, the complaint alleges no other claims that would establish jurisdiction, and

without more, Plaintiff cannot establish his claims for relief under federal law.

Plaintiff's Response provides little more than additional conclusory statements. For

example, he informs that Court that the his landlord "violated a health or safety law, did not

make reasonable steps to comply with certain health or safety [statutes]," but fails to explain

what federal right was being denied him. Pl.'s Resp. at 2. Moreover, Plaintiff fails to identify

from what, if any, specific disability he suffers other than a recitation of physical ailments.

Plaintiff's mere suspicion or belief that he has suffered disability or any other

discrimination is simply insufficient to maintain this action. *See Elliott v. Group Med. &*

*Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) ("a subjective belief of discrimination,

however genuine, [cannot] be the basis of judicial relief"). Conclusory allegations and legal

conclusions masquerading as factual allegations are insufficient when a plaintiff is directed by a

court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d

278, 284 (5th Cir. 1993). In short, Plaintiff's subjective belief that Defendants discriminated

against him for failing to respond his requests for improved housing, without identifying specific

facts of discriminatory conduct based on disability or any other invidious motivation, is

insufficient to maintain a claim of discrimination.

Conclusion

The Court has provided Plaintiff with a fair opportunity to plead facts sufficient to

establish he was discriminated against by Defendants. Plaintiff has failed to do so. Because

Plaintiff's complaint lacks an arguable basis in fact after this Court provided him with the opportunity to present additional facts, dismissal is appropriate. *See Bishop,* 2002 U.S. Dist. LEXIS 27365. Additionally, the Court finds that dismissal is appropriate on alternative grounds because Plaintiff can prove no set of facts in support of his claim that would establish Federal Question jurisdiction. Therefore, he has failed to state a claim. *See Conley v. Gibson*, 355 U.S. at 45-46; *see also*, 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that the complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

SO ORDERED this 26th day of February, 2009.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**